UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRENE JARVIS,

    Plaintiff,

v.

MICHIGAN BELL TELEPHONE CO.
and AT&T INC.,

    Defendant.
_____/

Case No. 08-12262

Hon. Victoria A. Roberts

## ORDER GRANTING DEFENDANT'S FIRST AND SECOND PETITION FOR FEES

**I.   INTRODUCTION**

This matter is before the Court on Defendant's Petition for Fees (Doc. 23) and Defendant's Second Petition for Fees (Doc. 41). Plaintiff filed an Answer to both. The Court **GRANTS** both Petitions.

**II.   BACKGROUND**

Plaintiff, Irene Jarvis, filed this civil rights action against her employer, Michigan Bell Telephone Co., on May 23, 2008. She alleges age, race, sex and national origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Michigan Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.*

On August 27, 2008, Defendants served their first Interrogatories and Requests for Production of Documents on Plaintiff. On September 12, 2008, Plaintiff served a

1

written disclosure, pursuant to Fed. R. Civ. P. 26(a)(1), listing the names of persons who might have discoverable information. The disclosures for two of her treating health care providers were incomplete.

After making numerous unsuccessful attempts to obtain complete information from Plaintiff by phone, email and letter, Defendant filed a Motion to Compel on December 4, 2008. On December 18, 2008, this Court entered an Order (Doc. 22) granting Defendant's Motion to compel Plaintiff to respond to Defendants' Interrogatories and Request for Production of Documents. That Order required Plaintiff to provide full and complete responses, without objection, by January 9, 2009. The Order granted Defendants permission to file a Motion for related costs and attorney fees, and also provided that Plaintiff's failure to comply with anything imposed by the Order might result in the imposition of sanctions.

Plaintiff failed to comply with discovery ordered by the Court. Defendants filed a Motion for an Order to Show Cause (Doc. 32), which this Court granted. The Court decided that Plaintiff's failure to provide the requested documents and to comply with the Court's December 18, 2008 Order was "wilful and in bad faith." *See* Order, Doc. 40. The Court also determined that Plaintiff unreasonably delayed the proceedings. The Court ordered Plaintiff to produce the requested documents by March 10, 2009 and to make herself available for deposition by the end of March 2009. The Order granted Defendants permission to submit a bill of costs in connection with the filing of the second Motion and the preparation for Plaintiff's three canceled depositions.

Defendants filed these Petitions pursuant to Fed. R. Civ. P. 37(a)(5)(A), seeking total attorney fees and costs of $6,349.50. Plaintiff opposes the Petitions. She asks the

Court to deny the Petitions or in the alternative to hold any Order for sanctions in abeyance until completion of the case, or conclusion of discovery.

## III. ANALYSIS

### A. Rule 37 Sanctions

Rule 37 governs motions to compel discovery and sanctions for failure to make disclosures or cooperate in discovery:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of the rule. Fed. R. Civ. P. 37(c)(1).

28 U.S.C.S. § 1927 also authorizes a court to assess fees and costs against any counsel who unreasonably and vexatiously multiplies the proceedings in any case. In addition to Rule 37 and 28 U.S.C. § 1927, a district court may award sanctions pursuant to its inherent powers when bad faith occurs. *Shimman v. Int'l Union of Operating Engineers, Local 18*, 744 F.2d 1226, 1229-1230 (6th Cir. 1984), cert. denied, 469 U.S.

3

1215, 84 L. Ed. 2d 337, 105 S. Ct. 1191 (1985).

The Court said earlier that it would consider sanctions against Plaintiff for her failure to cooperate in discovery. The Court will now use its "wide discretion" to determine the amount of sanctions to impose. *See Runfola & Associates, Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 376 (6th Cir. 1996).

Defendant seeks total attorney fees and costs of $6,349.50 for the motion to compel, the motion for order to show cause and preparation for three canceled depositions. To determine if requested fees are reasonable, the court may employ the "lodestar" approach. See *Bodenhamer Bldg. Corp. v. Architectural Research Corp*, 989 F.2d 213, 221 (6th Cir. 1993). "The most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To be reasonable, these rates must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 896 n.11 (1984). They cannot "exceed the market rates necessary to encourage competent lawyers to undertake the representation in question." *Couter v. State of Tenn.*, 805 F.2d 146, 149 (6th Cir. 1986).

This amount can be adjusted upward or downward based on various factors. *See J.B. Hunt Transport, Inc. v. Adams*, 2008 WL 126595 at *1 (E.D. Mich. Jan. 14, 2008) (citing *Hensley*, 461 U.S. at 430 n.3):

> Once the lodestar is calculated, the fee may be adjusted in consideration of a number of factors: (1) time and labor; (2) difficulty of the case; (3) skill necessary; (4) the extent the attorney is precluded from working on other matters; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations; (8) the amount involved and results obtained; (9)

>the attorneys' experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases.

But, many of these factors are subsumed within the lodestar calculation. *See Hensley*, 461 U.S. at 434.

In opposing Defendant's Petitions, Plaintiff says a number of factors prevented her from more timely producing the requested documents. First, she says Dr. Keelin was difficult to locate and she did not find him until November 2008. Second, she says it took considerable time to review the documents produced by Defendants and she had to meet with her attorneys on several occasions in order to properly respond. Third, she says that her attorneys are sole practitioners, both of whom had heavy workloads during the period in question. Plaintiff contends these external forces caused her to move slowly in complying with discovery.

Plaintiff argues that an order for attorney fees would have a chilling effect on plaintiffs in similar employment discrimination cases because Defendant is a large, well financed corporation, while she is an individual with limited funds. Plaintiff notes that Defendant was not prejudiced, and she and her attorneys have not engaged in any prior misconduct. Plaintiff also suggests that Defendant seeks sanctions for an improper purpose – to force Plaintiff's counsel to dismiss Plaintiff's case in exchange for Defendant not pursuing sanctions against her.

Defendant counters that Plaintiff still has not produced all the documents to which it is entitled, her answers to Interrogatories lack specificity, and her responses to document requests includes the same canned answer. Defendant denies pursuing

sanctions for an improper purpose. Defendant says its offer to forego the petitions for fees in exchange for dismissal of the action was a reasonable attempt to resolve this matter without further litigation; Defendant suggests that the sanctions sought would likely exceed any economic damages Plaintiff might have if she prevails.

While the Court is mindful of the economic disparity between the parties, this is not an excuse to blatantly disregard Orders of the Court. Plaintiff had not complied with discovery three months after she was served with Defendant's Interrogatories and Requests for Production of Documents, prompting Defendants to file the Motion to Compel. When the Court entered its Order granting the Motion to Compel on December 18, 2008, Plaintiff still had not complied with the discovery requests. Even after ordered to do so by this Court, Plaintiff failed to provide full and complete responses and documents responsive to the discovery requests. Plaintiff's actions prompted the Court to enter a second Order giving her another deadline to comply with the first Order. Under these circumstances, the Court finds that sanctions are appropriate.

**I. Motion to Compel**

The Court will first consider the number of hours spent by Defendant related to the Motion to Compel. Defendant submitted a declaration showing: (1) the attorney who performed each task; (2) the date each task was performed; (3) a brief description of the task; (4) the number of hours spent; and (5) the fee associated with each task. Based on the declaration, attorney Kristofer Hanson ("Hanson") spent six hours reviewing and analyzing the law and preparing the Motion to Compel and the related brief and declaration, and 2.5 hours preparing the Petition for Fees.

Plaintiff says the declaration is silent on whether Defendant has or will actually pay the rate and amounts set forth in the declaration. Plaintiff also says the six hours spent preparing the motion to compel is excessive given the lack of novelty and difficulty involved.

Defendant says those six hours were reasonable and necessitated by Plaintiff's repeated failure to comply with the discovery rules.  Defendant notes that Plaintiff initially did not respond to its discovery requests in any manner.  Only after it threatened on two occasions, and then filed and prevailed on its motion to compel, did Plaintiff finally respond to discovery requests.

Of the 11.5 hours attorney Hanson spent on the Motion to Compel, the Court excludes 5.5 hours.  The Court excludes two hours for telephone and written correspondence for the dates September 24, 2008 through November 11, 2008, prior to the filing of the Motion.  The Court's Order allowed Defendant to file a Motion for costs and attorney fees for filing the Motion to Compel.  The Court also agrees that six hours to prepare the Motion is excessive.  The Court reduces that figure to four hours.  The Court also finds that 2.5 hours to prepare the petition for fees and declaration is excessive.  The Court reduces that figure to 1.5 hours.  That leaves 6.0 reasonable hours related to the Motion to Compel.

Next, the Court considers the hourly rate.  Defendant says that Hanson's hourly rate is $185.00 per hour. Defendant cites *Auto Alliance Intern, Inc. v. U.S. Customs Service*, 155 Fed. Appx. 226, 228 (6th Cir. 2005) for the proposition that a $200 hourly rate is well within the market rate for the Eastern District of Michigan.  The Court finds that $185 is a reasonable hourly rate for attorney Hanson.

The lodestar amount is $1,110.00 (6.0 hours @ $185 per hour).  There is no reason to disturb the presumption that the lodestar amount is a reasonable fee.  *See Blum*, 465 U.S. at 897.

### ii.  Motion for an Order to Show Cause

The Court next considers the number of hours spent by Defendant on the Motion for an Order to Show Cause.  Defendant submitted a declaration showing: (1) the attorneys who performed each task; (2) the date each task was performed; (3) a brief description of the task; (4) the number of hours spent; and (5) the fee associated with each task.  Based on the declaration, attorney Laura Lindner ("Lindner") spent 1.6 hours and Kristofer Hanson ("Hanson") spent 20.4 hours reviewing discovery responses, conferring regarding document issues and strategy, researching and preparing the Motion and related documents. (Although Hanson's declaration shows a total of 21 hours expended, calculation of the listed hours reveals an actual total of 22 hours.)  Defendant reiterates that it was unnecessarily forced to devote efforts and incur expenses to obtain documents from Plaintiff.

In addition to its prior arguments, Plaintiff says Defendant fails to give a detailed description of how its time was spent, and does not specify whether a secretary typed dictation or whether Hanson typed the filings and charged attorney time to do so.  Plaintiff says the deposition preparation time is suspect since Defendant repeatedly claimed it could not prepare for Plaintiff's deposition due to a lack of documents.  Moreover, Plaintiff says that while Defendant adjourned Plaintiff's deposition twice while allegedly waiting for documents, 11 of the 14 deposition exhibits introduced thus far were from Defendant's own records.

Of the 22 hours attorney Hanson and Lindner spent related to the Motion for an Order to Show Cause, the Court excludes 8.4 hours. The Court excludes 2.4 hours for review and analysis of documents in preparation for Plaintiff's deposition. As Plaintiff notes, Defendant repeatedly claimed it could not prepare for Plaintiff's deposition because she failed to produce documents. In fact, Defendant says that Plaintiff still has not produced all documents. Thus, it is unclear which documents Defendant would have reviewed. The Court excludes 4.5 hours for review of Plaintiff's response and preparation of Defendant's reply brief and 1.5 hours for draft and revision of the second petition for fees and costs. The Court finds this time is excessive. That leaves 13.6 reasonable hours related to the Motion for an Order to Show Cause and deposition preparation.

Next, the Court considers the hourly rate. Defendant says that Lindner's hourly rate is $280 per hour and Hanson's hourly rate is $185 per hour. Defendant cites *Auto Alliance Intern, Inc. v. U.S. Customs Service*, 155 Fed. Appx. 226, 228 (6th Cir. 2005) for the proposition that a $200 hourly rate is well within the market rate for the Eastern District of Michigan. Defendant does not indicate why the Court should exceed that rate for attorney Lindner. The Court finds that $200 per hour is a reasonable rate for attorney Lindner and $185 is a reasonable hourly rate for attorney Hanson.

The lodestar amount is $2,540.00 (1.6 hours @ $200 per hour + 12 hours @ $185 per hour). The Court does not see any reason to disturb the presumption that the lodestar amount is reasonable. *See Blum*, 465 U.S. at 897.

**IV.   CONCLUSION**

The Court awards Defendant $3,650.00 as a sanction for Plaintiff's discovery

violations and her belated compliance with this Court's December 18, 2008 Order.

The sanctions are awarded against Plaintiff, Charles Gerlach, Peter Conway and their law firms. Thus, Plaintiff, counsel of record, and their law firms are jointly and severally responsible to pay this sanction. Payment should be made on or before July 6, 2009.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 19, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 19, 2009.

s/Linda Vertriest
Deputy Clerk