## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**IRENE JARVIS,**

      **Plaintiff,**         **CIVIL ACTION NO.  08-CV-12262-DT**

 **VS.**                         **DISTRICT JUDGE VICTORIA A. ROBERTS**

**MICHIGAN BELL**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**TELEPHONE CO.,**
**AT&T, INC.,**
      **Defendants.**
                               /

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on Plaintiff's Amended Motion to Compel Discovery filed on July 3, 2009.  (Docket no. 56).  Defendant Michigan Bell Telephone Co.[1] has filed a Response brief.  (Docket no. 58).  Plaintiff has filed a Reply brief.  (Docket no. 61).  The parties also filed a Joint Statement of Resolved/Unresolved Issues.  (Docket no. 62).  The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 57).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).  The motion is now ready for ruling.

     **1.**      **Facts, Claims, and Procedural History**

This is an employment discrimination action.  The parties' Joint Statement discusses seven issues that require court intervention to resolve.  (Docket no. 62).  The Court will address these issues in the order presented in the Joint Statement.  Discovery closed in this action on June 30,

---

[1] Defendant AT&T has been dismissed.  (Docket no. 37).

2009. (Docket no. 50). A settlement conference is scheduled for August 26, 2009 before Judge Roberts.

Judge Roberts has dealt with previous discovery issues. On February 23, 2009 the Court entered an Order resolving a Motion for Order to Show Cause filed by Defendant Michigan Bell Telephone Co. in connection with Plaintiff's failure to provide discovery as ordered by the court on December 18, 2008. (Docket no. 40). The court found in that Order that "Plaintiff has unreasonably delayed the proceedings" and that "Plaintiff's failure to provide documents, and to comply with this Court's December 18, 2008 Order [was] wilful and in bad faith." (*Id*. at 2). Defendant was allowed to file a bill of costs for expenses incurred in connection with the filing of that motion. On May 19, 2009 the court granted Defendant's First and Second Petition for Fees and ordered Plaintiff and her attorneys to pay $3,650.00 as a sanction. (Docket no. 53). In addition, on April 21, 2009 the court extended the discovery deadline (to June 30, 2009) and noted that there would be no further extensions of that date. (Docket no. 50). In that same Order the court limited Plaintiff to taking five depositions. (*Id*.). Plaintiff now seeks the Court's assistance in compelling Defendant to supplement its discovery responses, in allowing Plaintiff to conduct three more depositions, and in extending the discovery deadline. (Docket no. 56).

**2.    Analysis**

   **A.    Deposition of Dr. Keelin**

Dr. Keelin is a retired psychologist who previously treated Plaintiff. Defendant wishes to take his deposition. On April 21, 2009 the Court ordered Plaintiff to "immediately provide a 'hold harmless' agreement to Dr. Keelin to facilitate his deposition." (Docket no. 50 at 1). However, Dr. Keelin refused to be deposed until he had a malpractice policy in place. Defendant was advised on

June 29, 2009 that Dr. Keelin had received his policy and that it was effective starting July 1, 2009, one day after the close of discovery. (Docket no. 58 attachment 5). Plaintiff in her Response brief states that she "has never made the taking of Dr. Keelin's deposition after June 30, 2009, conditional on defendant conceding to plaintiff's discovery needs," and agrees that his deposition should be taken. (Docket no. 61 at 6). Dr. Keelin's deposition therefore should proceed even though the discovery deadline has now passed. This Court rejects Defendant's suggestion to prohibit Plaintiff from offering testimony from Dr. Keelin. **Dr. Keelin's deposition must be completed on or before September 10, 2009.**

### B. Further Search of Defendant's Records and Databases

Plaintiff argues that this Court should order Defendant to further search its records and databases, and make inquiry of its employees, for documents and information responsive to Plaintiff's discovery requests. (Docket no. 62 at 2). Plaintiff contends that only cursory inquiries were made to Plaintiff's former supervisors and other possible sources of information. Defendant argues that it has exhausted all sources of information and produced all responsive documents.

Plaintiff has not identified any specific emails or other documents or data that has not been produced. She relies on two excerpts of deposition testimony from Defendant's employees Bruce Downey and Sean Sewell. (Docket no. 56 at 2-4). The Downey deposition excerpt shows that Downey did not ask a person, apparently staff manager Terry Hewer, for copies of responsive emails. Downey states that he must have "overlooked" this request. (*Id.*). The other excerpt is of the deposition of Sean Sewell, whom Defendant claims was never a direct supervisor of Plaintiff and which Plaintiff has not disputed. He was asked if anyone asked him to contribute any documentation or information to respond to Plaintiff's discovery requests. Sewell responded that

3

he remembered receiving an email from Downey "that spoke to getting a list of managers that worked in that area . . . just to kind of narrow it down." (*Id.* at 3). Sewell could not recall anyone contacting him to ask if he had any hard-copy documentation that might relate to Plaintiff's claims. (*Id.*).

Defendant's counsel, Kristofor Hanson, submitted an affidavit stating that he coordinated the collection of information and documents to respond to Plaintiff's discovery requests and that he communicated with the "necessary Michigan Bell employees to appropriately and completely respond to Plaintiff's discovery requests." (Docket no. 58 ex. A). These communications, Hanson states, "sought information and documents, both electronic and non-electronic." (*Id.*). Defendant argues that Sewell was asked to search for responsive documents and emails some eight months before his deposition and that he simply failed to recall this request. (Docket no. 58 at 12).

Pursuant to Rule 26 Defendant has the obligation to make "reasonable inquiry" in responding to Plaintiff's discovery requests. Fed. R. Civ. P. 26(g)(1). Defendant contends, and Plaintiff has not disputed, that it has produced more than 6,200 Bates-numbered documents and made available to Plaintiff hundreds of additional documents. (Docket no. 58 at 10). Because Defendant's counsel states that he communicated with the appropriate employees to respond to Plaintiff's discovery requests, Plaintiff's reliance upon the Downey deposition excerpt where Downey admits that he did not ask one employee for emails does not show that Defendant failed to make reasonable inquiry. Similarly, Sewell's deposition excerpt showing that he, someone who was apparently never a direct supervisor of Plaintiff, did not recall anyone asking him for hard-copy documentation relating to Plaintiff's claims is simply too slender a reed to support a conclusion that, as a whole, Defendant

4

has not made reasonable inquiry.  **Plaintiff's request for the Court to order a further search by Defendant is therefore not warranted.**

### C. Records of Employees who had Bucket Trucks

Plaintiff claims that she specifically identified two employees, David Ormsby and Anthony Kalinka, who had bucket trucks assigned to them during the relevant time frame of Plaintiff's claims.  Defendant provided the information requested for Ormsby, but Plaintiff argues that Defendant has "expressly declined to provide the records for Anthony Kalinka." (Docket no. 62 at 2).  Defendant argues that Plaintiff asked only for the identity and information of those employees who were assigned a bucket truck after July 1, 2003.  Because Kalinka was issued a truck prior to July 1, 2003, it argues that the assignment of Kalinka to a bucket truck is not within the scope of Plaintiff's discovery requests.  (Docket no. 58 at 15).

The parties cite to different discovery requests to support their arguments.  Defendant relies on Plaintiff's Interrogatory No. 2 which asks for information with "regard to the assignment of each aerial lift truck since July 1, 2003 in the Pontiac region." (Docket no. 56 at 18).  Plaintiff relies upon her Document Request no. 2 which asks for information about "each person to whom an aerial lift truck (bucket truck) was assigned in the Pontiac Region from July 1, 2003, to the present." (*Id*. at 48).  The document request may reasonably be construed to include those employees to whom a bucket truck was assigned prior to July 1, 2003, and which assignment continued after July 1, 2003.  This information is relevant to Plaintiff's claims.  Therefore, **Defendant must supplement its response to Plaintiff's Document Request no. 2 on or before August 24, 2009 with information about Anthony Kalinka.**

### D. Plaintiff's Performance Evaluations for Years 2000-2003

5

Plaintiff seeks to compel the production of her performance evaluations for the years 2000-2003. Defendant argues that it has made a reasonable search for these records but is unable to locate them. Plaintiff states that she will consider this issue resolved if Defendant provides an affidavit verifying the unavailability of these documents and any summaries or extracts. (Docket no. 62 at 2-3). **Defendant must provide Plaintiff with an affidavit on or before August 24, 2009 verifying that after reasonable inquiry the missing performance evaluations for the years 2000-2003 and any summaries are not within its possession, custody, or control.**

### E. Plaintiff's Second Interrogatories to Defendant nos. 7, 8 & 9

Plaintiff argues that Defendant's objections to Plaintiff's Second Interrogatories to Defendant nos. 7, 8 & 9 should be overruled. These interrogatories ask for, in part, the legal bases including citations to authority for certain contentions of Defendant. (Docket no. 56 at 35-36). Defendant objected based on the work product doctrine. Pursuant to Fed. R. Civ. P. 26(b)(3)(B) the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney." Defendant's objection is appropriate because the interrogatories seek to discover counsel's legal theories, conclusions or opinions. The Court rejects Plaintiff's contention that these interrogatories are proper under Fed. R. Civ. P. 33(a)(2), which allows under some circumstances for interrogatories asking for an opinion or the application of law to fact. **Plaintiff's motion to compel further responses to Interrogatories 7, 8, & 9 is denied.**

### F. Additional Depositions by Plaintiff

Plaintiff seeks leave to conduct three more depositions of Defendant's employees. This would result in seven depositions being taken by Plaintiff which would be in violation of the Court's previous Order limiting Plaintiff to five depositions. (Docket no. 40). Plaintiff did not conduct all

of the five depositions allowed under that Order before the close of discovery. The proposed depositions would be for unidentified supervisors. Plaintiff concedes that the identity of these supervisors were made known by Defendant's answers to interrogatories which Defendant states occurred on March 16, 2009, some three and a half months before discovery closed. (Docket no. 58 at 18; no. 61 at 6). Plaintiff in essence argues that she chose the wrong supervisors to depose because those she chose did not provide relevant or sufficient information regarding the decisions made in awarding bucket trucks to employees. (Docket no. 56 at 6). In light of the previous court order and Plaintiff's history of diligence, or lack thereof, during the discovery period of this action, she has failed to show cause to allow these additional depositions. **Plaintiff's request for leave to conduct additional depositions is denied.**

### G.     General Extension of Discovery Deadline

Plaintiff seeks a "reasonable" extension of the discovery deadline to allow for the completion of discovery. Plaintiff has known since April 21, 2009 that no further extensions of the discovery deadline would be granted. (Docket no. 50). Pursuant to Fed. R. Civ. P. 16(b)(4) for good cause a court may modify a scheduling order. In light of the previous discussions Plaintiff has failed to show good cause for extending the discovery deadline, with the exception of the specific actions ordered above. **Plaintiff's request for a general extension of the discovery deadline is therefore denied.**

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Motion to Compel Discovery (docket no. 56) is **GRANTED IN PART AND DENIED IN PART** as set out above.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 11, 2009                     s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Irene Jarvis and Counsel of Record on this date.

Dated: August 11, 2009                     s/ Lisa C. Bartlett
                                           Courtroom Deputy