**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**IRENE JARVIS,**

                **Plaintiff(s),**        **CASE NUMBER: 08-12262**
                                       **HONORABLE VICTORIA A. ROBERTS**

**v.**

**MICHIGAN BELL TELEPHONE COMPANY,**

                **Defendant(s).**

_____/

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

## I.     INTRODUCTION

This matter is before the Court on Defendant Michigan Bell Telephone

Company's Motion for Summary Judgment (Doc. #66). Michigan Bell asks the Court to

dismiss Plaintiff Irene Jarvis' Complaint in its entirety.

Also before the Court is Jarvis' Motion for Permission to File a Surreply. (Doc.

#75). Jarvis asks the Court for an opportunity to respond to new facts, issues, and

arguments that Michigan Bell presented in its Reply brief.

Michigan Bell's motion is **GRANTED**.

Jarvis' motion is **DENIED**; the Court does not rely on the material that Jarvis says

Michigan Bell first introduced in its Reply brief.

## II.    BACKGROUND AND PROCEDURAL HISTORY

Jarvis, a 47-year-old woman of Hispanic race and Mexican origin, began working

for Michigan Bell on October 23, 1978. In May 1995, Jarvis became an installer

assigned to the Rochester garage.  In 1999, Jarvis became a customer service specialist.

Michigan Bell service technicians are either provided a van, minivan, or bucket truck as their work vehicle.  A bucket truck has a hydraulic lift with an enclosed platform or "bucket" at the end that helps technicians service overhead utilities.

In addition, Michigan Bell assigns employees out-of-town and overtime work.

On May 23, 2008, Jarvis filed a Complaint against Michigan Bell pursuant to Title VII of the Civil Rights Act of 1964; and, the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101 *et seq.*  She claims that despite repeated requests, Michigan Bell discriminated against her by not providing her a bucket truck, giving her out-of-town work assignments, and offering her overtime opportunities.

## III.    STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion."  *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial."  Fed. R.

Civ. P. 56(e). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

## IV. APPLICABLE LAW AND ANALYSIS

To prevail on her claims for gender, age, race, and national origin discrimination, Jarvis must meet the burden-shifting standard of proof for Title VII cases established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981). *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992). Jarvis must first establish a *prima facie* case of discrimination by a preponderance of the evidence. The burden of production then shifts to Michigan Bell to articulate a legitimate, non-discriminatory reason for its actions. If Michigan Bell meets its burden, Jarvis must then prove by a preponderance of the evidence that Michigan Bell's proffered reason is pretextual. *See McDonnell Douglas Corp.*, 411 U.S. at 802-04.

Jarvis can establish a *prima facie* case of discrimination by showing four elements: (1) she was a member of a protected class; (2) she was subject to an adverse employment action; (3) she was qualified for the position; and (4) a comparable

3

non-protected person was treated better.  *See Mitchell*, 964 F.2d at 582.

### A.      Denial of a Bucket Truck

Even assuming that Michigan Bell provided a bucket truck to a comparable non-protected person – although Jarvis was qualified for the truck – Jarvis cannot succeed on her claim that Michigan Bell discriminated against her by doing so.

> [A] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alternation of job responsibilities.  A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguishable title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

*Hollins v. Atlantic Co., Inc.*, 188 F.2d 652, 662 (6th Cir. 1999) (quoting *Crady v. Liberty Nat'l Bank & Trust Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993)); *see also Swartz v. Barrien Springs Pub. Sch. Dist.*, 2009 WL 4163539 at *4 (Mich.App. Nov. 24, 2009):

> "[I]n order for an employment action to be adverse for purposes of a discrimination action, (1) the action must be materially adverse in that it is more than 'mere inconvenience or an alteration of job responsibilities,' and (2) there must be some objective basis for demonstrating that the change is adverse. . . ."  *Wilcoxon v. Minnesota Mining & Mfg. Co.*, 235 Mich.App. 347, 364 (1999) (citations omitted).  There is no comprehensive list of adverse employment actions, but "typically it takes the form of an ultimate employment decision, such as 'termination in employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.'" *Peña v. Ingham Co. Rd. Commm.*, 255 Mich.App. 299, 312 (2003) (citation omitted).

Jarvis says a bucket truck is not necessary, but it helps technicians perform repairs easier and more efficiently.  According to Jarvis, without a bucket truck, repairs are onerous, tedious, and dangerous.

The Court finds that the denial of a bucket truck is an inconvenience that does

4

not amount to an adverse employment action.  Jarvis' claim that Michigan Bell discriminated against her by not providing her a bucket truck, fails on the second element.

###    B.    Denial of Overtime Work

Michigan Bell assigns overtime work based on the number of overtime hours a technician has accumulated – the technician with the least amount of overtime hours should be called first, as long as that technician is qualified and available for the job.  In addition, a technician who is working on a job that extends beyond his or her normal work hours would continue to work that job and collect overtime.

Jarvis claims that Michigan Bell discriminated against her by offering Brian Duff, another technician in the Rochester garage, more overtime hours than she was offered.

"[T]he denial of overtime can constitute an adverse employment action."  *Broska v. Henderson*, 2003 WL 21518733 at **4 (6th Cir. June 30, 2003) (citation omitted). However, in order to survive summary judgment, Jarvis must "produce[] evidence sufficient to raise a genuine issue of material fact as to whether [she] was denied overtime opportunities, or whether [comparable non-protected employees] were given overtime opportunities that [she] was denied."  *See id.* (quoting *Montgomery v. Honda of Am. Mfg., Inc.*, 2002 WL 31119689 (6th Cir. Sept. 24, 2002)).

Michigan Bell presents overtime reports that show Jarvis worked 281.25 overtime hours in 2005, 132.75 hours in 2006, 233.75 hours in 2007, 549.00 hours in 2008, and 17.50 hours between January 1, 2009 and March 30, 2009 (the date Jarvis retired from Michigan Bell).

The overtime reports show Duff worked 825.75 overtime hours in 2005, 728.75

hours in 2006, 572.25 hours in 2007, 649.75 hours in 2008, and 48.75 hours between January 1, 2009 and March 30, 2009.

Jarvis says the nature of the work makes it impossible to identify specific overtime assignments that she was denied. Instead, she says the overtime reports prove that Duff was offered the overtime work although she and Duff were both available for the work, and she had more training than Duff.

The Court finds Jarvis cannot succeed on her discrimination claim based on the denial of overtime work.

First, Jarvis declined at least two overtime opportunities.

Second, Michigan Bell limits the amount of overtime work an employee on light duty status may perform. Jarvis was on light duty from January 23, 2006 until February 13, 2006, and from July 2006 until her surgery in March 2007. She did not work from March 2007 until June 4, 2007. When Jarvis returned to work on June 4, 2007, she was on light duty until July 2007.

Most importantly, Jarvis did not present evidence that she was denied overtime opportunities. Nor did she present evidence that Michigan Bell bypassed her on the overtime call list, and offered Duff overtime opportunities that she was both qualified for and available to perform.

Jarvis merely speculates that Michigan Bell discriminated against her by offering Duff more overtime opportunities than she was offered. Her personal belief is insufficient to survive summary judgment. *See Watson v. City of Cleveland*, 2006 WL 2571948 at **7 (6th Cir. Sept. 8, 2006) (citing *Chappell v. GTE Products Corp.*, 803 F.2d 261, 268 (6th Cir.1986) (holding that an inference of discrimination cannot be

supported merely by the plaintiff's personal beliefs and speculation that the defendant impermissibly discriminated)).

### C.    Out-of-Town Work Assignments

Jarvis says Michigan Bell disproportionately assigned out-of-town work to comparable non-protected employees.  For example, Jarvis says that in December 2007, technicians Preston Banks, Jeff Lowe, Rick Baker, and Dale Wright were selected for an out-of-town assignment that Michigan Bell did not tell her about.

Michigan Bell presents its company travel request records that show technicians from the Rochester garage were selected for two out-of-town work assignments.  Jarvis was selected for one of those assignments.  The December 2007 out-of-town work assignment is not included.  In addition, Jarvis says she went on an out-of-town work assignment in March 2008 that is not included on Michigan Bell's records.

Assuming Michigan Bell's records are in disarray as Jarvis claims, the Court finds she was not treated differently than Banks, Lowe, Baker, and Wright.  Banks and Wright received two out-of-town work assignments (December 2007 and June 2008); Jarvis received two out-of-town work assignments (March 2008 and June 2008); and, Lowe and Baker received one out-of-town work assignment (December 2007).

## V.    CONCLUSION

Michigan Bell's motion is **GRANTED**; Jarvis' Complaint is **DISMISSED**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 17, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 17, 2010.

s/Linda Vertriest
Deputy Clerk